UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN DUANE KIDERLEN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:13CV01518 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Because the motion has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA, the Court will summarily dismiss it.

Movant was convicted of one count of transporting child pornography, and the Court sentenced him to 240 months' imprisonment. United States v. Kiderlen, 4:05CR721 ERW (E.D. Mo.). The Eighth Circuit Court of Appeals affirmed the judgment. Id. Movant subsequently brought a motion to vacate under § 2255, which the Court denied on the merits. Kiderlen v. United States, 4:09CV1178 ERW (E.D. Mo.). The Eighth Circuit did not give movant a certificate of appealability. Id.

Movant now seeks to challenge his conviction on the basis that the government withheld evidence from him. The Court notes that movant did not title the instant

motion as coming under § 2255: he calls it a petition for writ of habeas corpus ad subjiciendum.  However, movant is not permitted to circumvent the AEDPA's second or successive petition requirements simply by labeling the motion as something other than what it is.  E.g., Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion that is in substance a habeas petition "should be treated accordingly").  "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).  In this instance, the relief petitioner seeks is available only through a § 2255 motion.  See 28 U.S.C. § 2255(a).

Under 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Absent certification from the United States Court of Appeals, this Court lacks authority to grant the requested relief. As a result, the motion will be dismissed. See 28 U.S.C. § 2255, Rule 4.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether this action is successive under § 2255(h). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for leave to proceed in forma pauperis [ECF No. 2] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

An Order of Dismissal will be filed separately.

So Ordered this 13th day of August, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE